# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARTHA WOLFE | : |
| Plaintiff, | : |
| vs. | : No. _____ |
| | :       Jury Demanded |
| THE UNITED STATES POSTAL SERVICE | : |
| and | : |
| UNITED STATES OF AMERICA | : |
| Defendants. | : |

## COMPLAINT

Comes the Plaintiff, Martha Wolfe, and brings this action against the Defendants, the United States Postal Service and the United States of America, in the amount seven hundred fifty thousand dollars ($750,000.00). In support thereof, the Plaintiff submits the following:

1. Jurisdiction is founded under the Federal Tort Claims Act, 28 U.S.C. Section 1346(b).

    a. Defendant, the United States Postal Service, is a federal agency governed by the laws and statutes of the United States of America.

    b. The matter in controversy does exceed, exclusive of interest and costs, the sum of One Hundred Thousand ($100,000.00) Dollars.

    c. On January 5, 2022, not more than six (6) months prior to the filing of this action, the claims set forth herein were denied by the United States Postal Service.

2. The Plaintiff is a citizen and resident of Bulls Gap, Hawkins County, Tennessee residing at 135 Freeman Road, Bulls Gap, TN 37711.

3. Defendant, United States Postal Service, is an independent agency of the executive branch

of the United States federal government and may be served with process through its general counsel at 475 L'Enfant Plaza SW, Washington, DC 20260.

4. The Defendant, United States of America, is being served with process through the Attorney General of the United States, Merrick B. Garland, by certified mail, and Francis M. Hamilton III, U.S. Attorney for the Eastern District of Tennessee, is being served with process at his business address: 800 Market Street, Suite 211, Knoxville, TN 37902.

5. At all times material hereto, Defendant, the United States Postal Service, by and through its agents, servants, workmen, employees and/or other representatives, acted on behalf of Defendant, United States of America, and with the full knowledge, consent and authority of Defendant, United States of America.

6. At all times material hereto, the Defendants acted and/or failed to act by and through their agents, servants, work persons and/or employees, who acted within the course of their employment and within the scope of their authority with said Defendants.

7. This claim is being brought pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 *et seq*. The event which is the subject of this case occurred at the United States Post Office in Rogersville, Hawkins County, Tennessee, and is owned by the United States Post Office.

8. An administrative claim was filed previously on or about November 18, 2020.[1] On or about April 7, 2021, the United States Postal Service denied the Plaintiff's administrative claim.[2] The Plaintiff then requested that the United States Postal Service reconsider its denial. The United States Postal Service denied the request for reconsideration on or about

---

[1] Attached as Exhibit 1.
[2] Attached as Exhibit 2.

January 5, 2022.[3] Therefore, this Complaint is proper pursuant to 28 U.S.C. § 2401, 2675 and 39 C.F.R. § 912.9.

9. On October 4, 2019, Martha Wolfe went to the Post Office location at 203 W. Main Street, Rogersville, Tennessee 37857-999 to mail a registered letter. She was stepping up onto the landing at the front entrance to the building when another patron opened the door to exit the building. Because the door took up the full length of the landing, it impeded her ability to negotiate the step and she tripped on the step up and the heavy door pulled her forward causing her to fall sideways into the door frame where she struck her leg, breaking her femur where it attached to her artificial knee.

10. Martha Wolfe suffered severe injuries as a result of her fall at the Post Office. Ms. Wolfe was taken by ambulance from the scene to Morristown-Hamblen Healthcare System. From there she was transferred to the University of Tennessee Medical Center in Knoxville. She spent approximately seven days in the hospital there. Following her release, she continues to suffer pain and disability. She has incurred extensive medical expenses. It is anticipated that she will continue to require medical care in the future. Mrs. Wolfe will require care and treatment for the rest of her life.

11. Martha Wolfe's quality of life has been destroyed by her injuries. Before this injury she was very active and independent. She enjoyed working in her yard every day. Following her injury at the Post Office, she can no longer get around without the aid of a wheelchair or walker, and is unable to engage in the active lifestyle she previously enjoyed.

12. Defendants failed to conform the entry to the Post Office building to applicable codes, laws, safety requirements, and/or generally accepted standards of care, including but not

---

[3] Attached as Exhibit 3.

limited to, the Architectural Barriers Act,[4] the United States Postal Service Maintenance Series Handbook,[5] the International Building Code,[6] the International Existing Buildings Code,[7] and the International Property Maintenance Code,[8] which were required to be followed by Defendants for the benefit of the public generally, and Martha Wolfe specifically, proximately causing Plaintiffs' harm.

13. The United States Postal Service has policies and procedures concerning the inspection, maintenance, and safety of Post Office buildings and premises. These are contained in its Maintenance Series Handbook, MS-1, dated May 20, 2016.

14. The Post Office building is subject to the requirements of the Architectural Barriers Act of 1968 ("ABA"). 42 U.S.C. § 4151 et seq. Violations of the ABA Standards (2015), including sections 303, 404, and 504, directly and proximately caused the Plaintiff's injuries.

15. Pursuant to the Administrative Support Manual Issue 13, Sec. 519.41 Accessibility for Persons, July 1999. With Physical Disabilities- "It is required by federal statute and by Postal Service policy, when designing, constructing, leasing, or altering facilities, to provide facility access for persons with physical disabilities (*see* Handbook RE-4, Standards for Facility Accessibility by the Physically Handicapped).[9]"

16. According to the United States Postal Service Maintenance Series Handbook MS-1, Sec. 2.1, the Senior Postal Official ("SRO") is responsible for the safety of Post Office

---

[4] Relevant excerpts attached at Exhibit 4.
[5] Relevant excerpts attached at Exhibit 5.
[6] *Available at* https://codes.iccsafe.org/content/IBC2012.
[7] *Available at* https://codes.iccsafe.org/content/IEBC2012.
[8] *Available at* https://codes.iccsafe.org/content/IPMC2012.
[9] Attached as Exhibit 6.

customers, and the USPS is to comply with local, state, and national codes.

17. In ordinance No. 10-11-16-1,[10] the town of Rogersville adopted by reference the provisions of the International Building Code, 2012 edition ("IBC"), the International Existing Buildings Code, 2012 edition, ("IEBC"), and the International Property Maintenance Code, 2012 edition ("IPMC").

18. The arrangement of the door and step created a known and inherently dangerous situation which is supported by the IBC section 1008.1 requirements regarding distances from doors to steps.

19. The Rogersville Post Office was in violation of section 307 of the IMPC, which applies generally to stairs of more than four risers. The Post Office was also in violation of section 305.4 which would apply to the warning/slip strip had completely worn away. Because the entrance/exit does not conform to the approved building code of the jurisdiction, it is a dangerous structure or premises as defined by section 108.1.5 of the IPMC.

20. Congress has waived the sovereign immunity of the United States by giving district courts jurisdiction over certain tort actions against the United States. 28 U.S.C. 1346(b). The Federal Tort Claims Act, 28 U.S.C. 2671–2680 provides "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances [….]" Id. at § 2674. Congress, however, exempted from this limited waiver "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government [….]" *Id*. at § 2680(a). Under the test set out in *United States v. Gaubert*, 499 U.S. 315 (1991), the failure to maintain the entrance to

---

[10] Attached as Exhibit 7.

the post office in a manner consistent with the requirements of Federal and State law, local ordinance, and the Post Office's own policies and procedures was not the exercise of a discretionary function. Further, this failure is not "of the kind the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322–323. Accordingly, this court has subject matter jurisdiction over Plaintiffs' claims under the Federal Tort Claims Act.

21. As a direct and proximate result of the Defendants' negligence, Martha Wolfe received severe and extensive injuries to her body for which she was hospitalized and continues to receive medical treatment. These injuries have diminished her capacity for work and the enjoyments and pleasures of life. Plaintiff Martha Wolfe brings suits, additionally, for medical expenses both past and future, physical impairment, pain and suffering, lost wages, loss of earning capacity, and the loss of enjoyment of life.

22. The Plaintiff, Martha Wolfe, brings suit against the Defendants for personal injuries and damages in the amount of seven hundred fifty thousand dollars ($750,000.00).

The Defendants' negligence was a direct and proximate cause of the injuries and damages to the Plaintiffs and they request judgment against the Defendants in the amount of seven hundred fifty thousand dollars ($750,000.00) and demand a jury in the trial of this action.

RESPECTFULLY SUBMITTED,

MARTHA WOLFE

By: s/Steven W. Terry_____
Steven W. Terry, Attorney (BPR #011155)
steve@brewerandterry.com
*Attorney for the Plaintiff*

Of Counsel:

BREWER & TERRY, P.C.
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
Phone (423) 587-2730
Fax (423) 585-0427

Larry Boyd, Esq.
BOYD & BOYD
115 East Main Street
Rogersville, TN 37857-0298
Phone (423) 272-3619
Fax (423) 272-5866

## COST BOND

      I hereby acknowledge myself surety for all costs and taxes which may be incurred in this case.

                                            s/Steven W. Terry_____